■ HERTZ CORPORATION, Appellant, v THOMAS F. LUKEN, Respondent.—Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered April 9, 1986, which granted plaintiff's motion for renewal and reargument of defendant's motion to dismiss the complaint, and, upon renewal and reargument, adhered to its order entered February 14, 1986 dismissing the complaint, is modified, on the law and the facts, to the extent of reinstating the complaint, and otherwise affirmed, with costs to plaintiff. Appeal from the order entered on February 14, 1986 is dismissed as subsumed in the appeal from the order entered April 9, 1986, without costs.

Defendant Luken, a Florida resident, rented a car from plaintiff Hertz Corporation on February 13, 1981 while in New York. Under the rental agreement, Luken agreed to indemnify Hertz for any liability in excess of $100,000 arising out of his use of the vehicle. On February 16, 1981, Luken was involved in an accident at LaGuardia Airport resulting in injuries to one Henry Hymoff. In April 1981, Hymoff commenced a personal injury action against Luken and Hertz, wherein Luken was represented by counsel appointed by an insurer covering him for an additional $600,000 over and above the coverage afforded him in the rental agreement with Hertz.

During pretrial proceedings, Hertz noticed Luken's deposition, and, in connection therewith, paid him $344 by check as a witness fee. A notation on the face of the check stated: "Re: Witness fee Hymoff vs. Hertz Corp., et al". Also on the face of the check was a second notation, described by Hertz as a "rubber stamp endorsement", that the check was "in full settlement of all Claims arising from an accident at or near LaGuardia Airport, N.Y. on or about 02/16/1981". And, on the back of the check was still another notation, also apparently a rubber stamp, stating: "The endorsement of this draft constitutes a full release with respect to any and all claims arising out of the accident which occurred on the date indicated on the face hereof."

On December 30, 1982, Luken drew a check to Hertz in the amount of $12.44. On the front and back were facsimiles of the "full settlement" and "full release" legends appearing on the front and back of Hertz's check to Luken. According to Hertz, Luken has stated in an affidavit (not included in the

record) that "[t]his check represented a refund of an over-reimbursement of your affiant's out of pocket expenses concerning the Hymoff lawsuit."

After jury selection, the Hymoff action was settled for $1,850,000. Luken's excess insurer paid $600,000, the face amount of its policy; Hertz paid $100,000, the coverage afforded Luken under the rental agreement, and, in addition, the balance of $1,150,000. The instant action is brought by Hertz against Luken to recover this latter sum.

After settlement of the Hymoff action, the following transpired:

May 10, 1983: Hertz writes a letter to Luken in Florida demanding indemnification as per the rental agreement.

May 19, 1983: Luken files a complaint with a Florida court (apparently, in Florida, an action is commenced by the filing of a complaint) seeking a declaratory judgment "precluding [Hertz] from asserting any indemnification action against [Luken]" by reason of the "mutual releases exchanged" between the parties "in the form of checks endorsed and negotiated pursuant to the terms of said checks".

June 29, 1983: Hertz is served with the complaint in Luken's Florida action.

July 11, 1983: Luken is served with Hertz's summons and complaint in this action.

July 12, 1983: Hertz moves to dismiss the Florida action on the ground of the pendency of the New York action.

September 22, 1983: Luken moves for an order pursuant to CPLR 3211 (a) (7) dismissing the New York action on the ground that the indemnification clause of the rental agreement was a contract of adhesion violative of public policy.

October 20, 1983: The Florida court denies Hertz's motion to dismiss the Florida action, giving no reasons.

November 10, 1983: Hertz serves an answer in the Florida action counterclaiming for the same relief sought in the New York action.

January 10, 1984: Special Term denies Luken's motion to dismiss the New York action.

January 16, 1984: Luken moves for summary judgment in the Florida action, which motion remains undecided.

February 22, 1984: Luken serves an answer in the New York action containing affirmative defenses alleging, *inter alia,* release and another action pending in Florida.

January 5, 1985: Hertz files a note of issue in the New York action.

October 10, 1985: Luken moves for an order pursuant to CPLR 3211 (a) (4) dismissing the New York action on the ground of another action pending, which motion is opposed by Hertz on the ground that it is barred by the single motion rule of CPLR 3211 (e), and that New York is a better forum than Florida in which to try the issues raised in the two lawsuits.

January 6, 1986: The New York action is called on the calendar of an IAS Part.

January 8, 1986: Luken serves a "Notice of Hearing" in the Florida action for a "bifurcated trial".

January 16, 1986: The Florida court denies without prejudice Luken's "Motion to Bifurcate and Set Trial", giving no reasons.

January 22, 1986: The New York action is again called in the IAS Part, where a motion by Luken for a jury trial is denied and a trial date of February 19, 1986 is set.

February 5, 1986: Special Term grants Luken's motion to dismiss the New York action on the ground of another action pending.

February 28, 1986: Hertz appeals from Special Term's order dismissing the action.

April 9, 1986: Special Term grants Hertz's motion to renew and reargue, but adheres to its decision to dismiss on the ground of another action pending.

April 10, 1986: Hertz appeals from Special Term's order granting renewal and reargument but adhering to its prior decision to dismiss.

May 1, 1986: The parties stipulate to stay all proceedings pending this appeal, which stipulation is so ordered by this court.

A preanswer motion to dismiss based on one of the grounds set forth in CPLR 3211 (a) does not effect a waiver of the other grounds set forth in CPLR 3211 (a), except for those relating to personal and in rem jurisdiction set forth in CPLR 3211 (a) (8) and (9). If the preanswer motion is denied, these other grounds can then be raised as affirmative defenses in the answer, and moved upon after issue is joined (CPLR 3211 [e]). Thus, because Luken made a preanswer motion pursuant to CPLR 3211 (a) (7), the single motion rule of CPLR 3211 (e) prevented him from making a second preanswer motion on

the ground of another action pending or, for that matter, any of the other grounds listed in CPLR 3211 (a); the single motion rule, however, did not prevent Luken, once issue was joined, from moving to dismiss on the ground of another action pending, or any of the other grounds listed in CPLR 3211 (a), except for those going to jurisdiction. As one noted commentator puts it: "If D has a number of objections listed in CPLR 3211 (a), he can raise them all by a dismissal motion, or instead plead all of them as defenses in the answer. Or, he may divide them up—taking some by motion and, if the motion does not succeed, pleading the rest by answer." (Siegel, NY Prac § 274.)

It is true that Luken's notice of motion for an order dismissing the action on the ground of another action pending was mislabeled as one made pursuant to CPLR 3211, when it should have been labeled as made pursuant to CPLR 3212 *(McLearn v Cowen & Co.,* 60 NY2d 686), but this was a mistake or defect that caused Hertz no prejudice, and was therefore to be disregarded *(see, O'Hara v Del Bello,* 47 NY2d 363, 368). Hertz understood that the motion only sought to adjudicate the validity of the defense of another action pending, and it took, or should have taken, advantage of the full opportunity given it to address that issue. Hertz argues that the court should have given it notice pursuant to CPLR 3211 (c) that it was treating Luken's motion as one for summary judgment, but what purpose such notice could have served is difficult to say. Hertz had nothing more to offer on the single issue raised and adjudicated on the motion—whether Florida was a better forum than New York in which to try the issue of whether there had been a release *(cf. Rich v Lefkovits,* 56 NY2d 276, 283 [where, in holding that a CPLR 3211 (c) notice should have been given in connection with a postanswer motion to dismiss for lack of personal jurisdiction which incorrectly recited that it was made pursuant to CPLR 3211 rather than 3212, the court stated: "we cannot say that plaintiff was not prejudiced by the failure to receive notice"]). Tacitly conceding as much, Hertz argues that, had it been given such notice, it would have cross-moved for summary judgment dismissing Luken's defense of release, but, even if such a cross motion had been made, it would only have been denied as academic once the court decided to dismiss in favor of the Florida action *(see, Rosenblatt v Sait,* 34 AD2d 238).

Hertz's argument, first raised on appeal, that the motion should have been denied because made on the eve of trial is without merit. We are aware of no rule of the court in effect

at the time Luken made the motion that prohibited him from so doing. We would note that throughout the life of the litigation, Hertz was as free to move against the defense of another action pending raised in Luken's answer as Luken was free to move on it (see, Calloway v National Servs. Indus., 93 AD2d 734).

As to the merits of the motion, i.e., whether New York or Florida is the better forum, we think the answer is obvious. It appears from the complaint to be Hertz's theory that the settlement of the Hymoff action having been reasonable, it has a common-law and contractual right of indemnification against Luken. If a demonstration of the reasonableness of the Hymoff settlement be Hertz's burden in this action, the circumstances underlying that settlement would surely be relevant. And all of those circumstances have a New York nexus: Luken rented the car here; the accident occurred here; the injury was treated here; and, perhaps most important of all, the personal injury action took place and was settled here. Florida, on the other hand, has no contacts at all with the case, except for Luken's residence.

It cannot even be said that Hertz undertook the instant action with knowledge of the pendency of the Florida action. While Luken filed his action with the Florida court on May 19, 1983, he did not actually serve Hertz until June 29, 1983. Hertz commenced the New York action by service of process 12 days later on July 11, 1983, but, given out-of-State service, there is no reason to discredit Hertz's representation that the complaint was actually drawn on June 17, 1983, the date appearing on its face, before Hertz was served with the complaint in the Florida action. Hertz also submits the affidavit of its Florida process server, the Sheriff of Broward County, Florida, stating that he received the complaint herein for service on Luken on June 27, 1983. In short, commencement of the two actions was virtually simultaneous. The fact that the Florida complaint was, as it happened, served a few days earlier than the New York complaint was not particularly significant (see, Flinkote Co. v American Mut. Liab. Ins. Co., 103 AD2d 501, 505, affd 67 NY2d 857).

We take note of the motion Hertz made in the Florida action on July 12, 1983, immediately after serving Luken with its New York complaint on July 11, 1983, to dismiss that action on the ground of the pendency of the New York action, and the denial of that motion by the Florida court. Inasmuch as the Florida court gave no reasons for its decision on that motion, it does not appear that that court has asserted a

strong, proprietary interest in the controversy. We are quite satisfied that, in denying Luken's instant motion, we are according the Florida court all due respect. Of course, our disposition herein does not in any event stay the Florida court from proceeding with Luken's action. Concur—Sandler, J. P., Carro, Asch, Ellerin and Wallach, JJ.