OPINION OF THE COURT
Bellacosa, J.
Plaintiff Gonzalez sued defendant Excel Associates (Excel) *76 and its limited and general partners for breach of contract seeking damages for unpaid compensation for renovation work he performed, at the request of defendant-appellant Chalpin, on an apartment building owned by Excel. Excel, a New York limited partnership, has one individual general partner, defendant Lipkin; one corporate general partner, defendant Tribute Music, Inc. (Tribute); and one limited partner, Chalpin. Chalpin is also the president, sole shareholder and director of Tribute.
Chalpin, the sole appellant, has defended against the imposition of individual liability on the ground that his actions on Excel’s behalf were performed only in his capacity as officer of Tribute. The trial court, after a bench trial, granted a money judgment to plaintiff. The Appellate Division affirmed and rejected Chalpin’s limited liability defense because "there was no evidence tending to show that Chalpin acted on behalf of the partnership in anything but his individual capacity.” (159 AD2d 553, 555.) This Court granted leave to appeal and we now affirm, essentially because Chalpin failed to prove that he acted as an officer of Tribute on behalf of Excel rather than individually. He was thus properly denied the limited liability protection of Partnership Law § 96.
In early 1980, Chalpin hired Gonzalez to be the superintendent/maintenance worker at Excel’s apartment building in Long Beach, Long Island. For his services, Gonzalez received a salary of $150 per week plus a rent-free apartment. Sometime later, Chalpin and Lipkin agreed to hire Gonzalez for renovation work (replacing the building’s lintels and windows and demolishing its water tower) at additional compensation. Gonzalez was páid for demolishing the water tower but was not paid for the other work he performed. Chalpin terminated Gonzalez’s employment as superintendent in August 1980 but the special renovation work continued to be done by Gonzalez until May 1981, when Chalpin dismissed him in that capacity as well and had him evicted from the apartment.
The general restriction on the liability of limited partners is not controlling here because, if the partner "in addition to the exercise of [the partner’s] rights and powers as a limited partner * * * takes part in the control of the business,” the limited partner becomes liable as a general partner (Partnership Law §96). Chalpin cannot challenge the trial court’s affirmed factual determination that he took part in the control of Excel’s business. Instead, he attempts to skirt the individual and general responsibility imposed by Partnership Law *77 §96 by claiming that he acted at all times solely in his capacity as an officer of Tribute.
Irrefutably, individual liability should not be imposed on a limited partner merely because that person happens also to be an officer, director and/or shareholder of a corporate general partner (see, Frigidaire Sales Corp. v Union Props., 88 Wash 2d 400, 562 P2d 244). But that is not this case. Moreover and conversely, a limited partner who “takes part in the control of’ the limited partnership’s business should not automatically be insulated from individual liability merely by benefit of status as an officer and sole owner of the corporate general partner. That is this case.
A limited partner who assumes such a dual capacity rightly bears a heavy burden when seeking to elude personal liability. For once a plaintiff meets the threshold burden of proving that a limited partner took an active individual part in effectuating the limited partnership’s interests (Continental Natl. Bank v Strauss, 137 NY 148, 151), the fulcrum shifts. The limited partner in such a dual capacity must then, at least, prove that any relevant actions taken were performed solely in the capacity as officer of the general partner.
Defendant in this case failed to adjust to the shift and did not overcome the proof of involvement and responsibility for his actions undertaken in his individual capacity. Chalpin’s only evidence, offered to support his claim that he acted as an officer of Tribute in the employment dealings with Gonzalez on behalf of Excel, was Excel’s certificate of limited partnership. The certificate states that Chalpin is a limited partner and was signed by Chalpin on behalf of Tribute, and the attached certification states that Chalpin is the president of Tribute.
Chalpin essentially would have the Court adopt a rule of law according the piece of paper conclusive weight on the critical issue. This is not a sensible rule and would not make a difference in this case, in any event, where there is no evidence that Chalpin ever asserted his identity and authority as a corporate officer of Tribute when conducting Excel’s affairs with Gonzalez — except his own testimony, which was expressly discredited and characterized as unbelievable by the trial court. The clinching documentary evidence shows Chalpin signing Excel’s checks in payment to Gonzalez in his own name and without naming Tribute or indicating that he was signing in any representative capacity.
*78 Chalpin also invites the Court to incorporate into Partnership Law § 96 a requirement that a plaintiff seeking to hold a limited partner individually liable must prove reliance on the limited partner’s personal conduct. This argument is not supportable or sound (see, Delaney v Fidelity Lease, 526 SW2d 543 [Sup Ct Tex]). Such a significant qualification on the statutorily regulated liability pattern of Partnership Law § 96, if nevertheless deemed worthy of consideration, must come from the Legislature so that reasonable certainty and reliability in these business relationships and transactions could be reflected in the statutory formulation.
In sum, the trial court and Appellate Division properly rejected Chalpin’s limited liability defense and imposed individual liability on him. We have examined the remaining arguments and conclude they are without merit or consequence on the outcome of this case.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed, with costs.