■ MICHAEL SONNENFELDT, Respondent, v GEORGE KYRIAKOUDES, Also Known as GEORGE KYRIAK, Appellant. [641 NYS2d 289] —Order, Supreme Court, New York County (William Davis, J.), entered July 17, 1995, which granted plaintiff's cross motion for summary judgment, directed that judgment be entered in favor of the plaintiff in the amount of $280,000, with interest, and denied, as moot, defendant's motion to strike plaintiff's note of issue, unanimously affirmed, with costs.

In light of the prior judicial finding in the underlying action that defendant was jointly and severally liable with plaintiff for the debt of their now defunct limited partnership, no material issue of fact exists as to defendant's liability to contribute one-half of the judgment already paid by plaintiff on his behalf (*see, Central Petroleum Corp. v Kyriakoudes*, 121 AD2d 165, *lv dismissed* 68 NY2d 807). Defendant cannot now claim that he is liable only to the extent of his interest in the limited partnerships, where defendant was found to have admitted personal liability, and was found to have jointly exercised control with plaintiff over the partnerships' property (Partnership Law § 96; *see, Gonzalez v Chalpin*, 77 NY2d 74).

Defendant's unsupported, self-serving claim that certain reserve funds were set aside to pay the debt in the underlying action, and that he has the right to an accounting to determine the existence of such funds, does not raise any triable issues of fact. The claim is belied by the fact that in the 15 years since the commencement of the underlying action, defendant never requested such an accounting and, indeed, he never mentioned the existence of such funds. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.