■ TAPPS OF NASSAU SUPERMARKETS INC., Appellant, v LINDEN BOULEVARD L.P. et al., Defendants, and AVIVA D. NEUMAN, Respondent. [661 NYS2d 223] —Order, Supreme Court, New York County (Stephen Crane, J.), entered July 18, 1996, which granted defendant-respondent Neuman's motion to dismiss the complaint against her, unanimously reversed, on the law, without costs, the motion to dismiss denied and the complaint reinstated as against Neuman.

Plaintiff Tapps of Nassau Supermarkets Inc. ("Tapps") subleased certain premises located at 2750 Linden Boulevard from defendant Linden Boulevard L.P. ("Linden") in 1991. Linden is a Delaware limited partnership, with defendant Shopping Center Maintenance of America, Inc. ("Shopping Center") initially serving as the general partner, and defendant Neuman is one of the limited partners. Under the Linden-Tapps sublease, Tapps was required to pay common area maintenance charges and a proportionate share of the real estate taxes to Linden, which was to turn over these funds to the over-landlord, Elota Realty Company. Tapps alleges that Linden failed to turn over $232,000 to the over-landlord, resulting in Linden's default on its lease. As a consequence, Linden and its subtenant Tapps were evicted from the premises in September 1995. In its complaint, Tapps alleged that Linden and Neuman wrongfully and fraudulently withheld the payments from the over-landlord, that they converted these monies and that they breached the sublease with Tapps. Tapps sought $3.5 million in compensatory damages and $10.5 million in punitive damages.

In February 1996, defendant Neuman moved to dismiss the complaint for failure to state a cause of action against her on the ground that, as a limited partner, she could not be held personally liable for the obligations of the limited partnership. She further asserted that her status as a shareholder in Shopping Center, the original general partner of Linden, did not expose her to personal liability. Neuman also denied any misappropriation of funds by her or Linden, and maintained that the default and subsequent evictions resulted from an insufficient cash flow.

In March 1996, Tapps cross-moved to amend its complaint to include the allegation that Neuman was personally liable because "she assumed control and domination of the business of Linden, improperly usurping the function of the general partner." Tapps alleged that Neuman engaged in numerous activities as Linden's principal, and disregarded Shopping Center as the general partner by proceeding to do business for Linden through a new general partner, Aneb Inc. ("Aneb"). Aneb is a New York corporation in which Neuman is a shareholder. The record shows that Linden's Delaware certificate of limited partnership was never amended to include Aneb as the new general partner. However, Neuman produced a certificate from the Delaware Secretary of State indicating that in December 1991 Aneb merged with Shopping Center to form a new corporation called Aneb, Inc.

The IAS Court granted Neuman's motion to dismiss. It stated that under both New York and Delaware law, Neuman's acts as representative of Linden were insufficient to justify a reasonable belief by Tapps that she was Linden's true principal. Likewise, it found that Neuman's actions as shareholder or agent of Linden's general partner, be it Shopping Center or Aneb, did not divest her of her limited partner status. The court also rejected Tapps' argument that Neuman's failure to effect an amendment of the certificate of limited partnership when Aneb merged with Shopping Center exposed her to personal liability.

On appeal, Tapps maintains that Linden's failure to amend the certificate of limited partnership to add Aneb estops Neuman from claiming that she was acting on behalf of the general partner Aneb in its dealings with Tapps. Tapps further argues that the affidavit of its chief financial officer submitted to the motion court, stating that Neuman acted as the de facto general partner, raised a triable issue of fact as to Neuman's protected status.

The rules concerning the liability of limited partners are set out in Delaware's partnership law (Del Code Annot, tit 6, § 17-303).* Section 17-303 (a) of title 6 of the Code states: "A limited partner is not liable for the obligations of a limited partnership unless he is also a general partner or, in addition to the exercise of his rights and powers as a limited partner, he participates in the control of the business. However, if the limited partner does participate in the control of the business,

---

* Delaware, like New York (Partnership Law § 121-303), has adopted the Revised Uniform Limited Partnership Act. The provisions are substantially similar, but not identical.

he is liable only to persons who transact business with the limited partnership reasonably believing, based upon the limited partner's conduct, that the limited partner is a general partner."

Subdivision (b) of the statute provides a laundry list of protected activities that a limited partner may engage in that do *not* constitute participation in the control of the limited partnership. These activities include acting as an agent or contractor for the limited partnership or the general partner; being an officer, director or shareholder of a corporate general partner; being a limited partner of a partnership that is a general partner of the limited partnership; advising a general partner, or causing the general partner to take or refrain from any action; and taking or causing the taking or refraining of numerous enumerated acts of the limited partnership, including the sale, exchange or leasing of partnership assets and the amendment of the certificate of limited partnership (Del Code Annot, tit 6, § 17-303 [b] [1]-[10].). Further, subdivision (c) states that the enumeration of protected activities in subdivision (b) does not mean that the exercise of other activities by a limited partner necessarily constitutes participation in the control of the business. Also, subdivision (f) states that a limited partner does not participate in the control of the business "regardless of the nature, extent, scope, number or frequency" of the limited partner's engaging in any of the protected activities.

While some of Neuman's activities on behalf of Linden fall within the statute's protected activities, Tapps relies on other factors to support its belief that Neuman ignored the general partner and acted in her individual capacity. The affidavits of Tapps' president and chief financial officer establish that Neuman initially introduced herself as the "landlord" during lease negotiations, she negotiated the sublease on behalf of Linden and acted as its attorney, she alone met with Tapps' representatives during a dispute concerning overcharges and she was the sole representative of Linden who collected the rent and arranged for repairs on the premises. Tapps asserts that these activities by Neuman, to the exclusion of all other Linden representatives, justified its reasonable reliance that Neuman was acting as Linden's principal. Neuman disputes this, and notes that the sublease was signed by Eli Braha, the president of Shopping Center, and that she signed all correspondence with Tapps as "Linden Boulevard, L.P., Aneb, Inc., by Aviva D. Neuman, Vice-President."

The New York Court of Appeals, however, in a factually sim-

ilar case, has held that "a limited partner who 'takes part in the control of' the limited partnership's business should not automatically be insulated from individual liability merely by benefit of status as an officer and sole owner of the corporate general partner" (*Gonzalez v Chalpin*, 77 NY2d 74, 77). In *Gonzalez v Chalpin* (*supra*), plaintiff Gonzalez was hired as a superintendent at a building owned by Excel Associates, a limited partnership. Excel consisted of one general partner, one corporate general partner, Tribute Music, Inc., and one limited partner, defendant Chalpin, who was also the president and sole shareholder of Tribute. Chalpin had been the person who hired Gonzalez, and after a dispute arose, Chalpin terminated Gonzalez's employment. Thereafter, Gonzalez commenced an action against the general partners and Chalpin for unpaid compensation.

The Court of Appeals held that Chalpin had lost his limited liability protection because he "failed to prove that he acted as an officer of Tribute on behalf of Excel rather than individually" (*supra*, at 76). The Court explained: "A limited partner who assumes such a dual capacity rightly bears a heavy burden when seeking to elude personal liability. For once a plaintiff meets the threshold burden of proving that a limited partner took an active individual part in effectuating the limited partnership's interests * * * the fulcrum shifts. The limited partner in such a dual capacity must then, at least, prove that any relevant actions taken were performed solely in the capacity as officer of the general partner." (*Supra*, at 77.)

It is true that the *Gonzalez* Court relied in part on the fact that Chalpin offered no evidence, other than his own self-serving statements, that he was acting in his representative capacity for the partnership, unlike Neuman here, who did sign some correspondence in her representative capacity. However, in other acts, such as negotiating the lease and in meeting with Tapps' representatives to resolve financial disputes, Neuman made no such disclosures. Additionally, Neuman claims that subsequent to the execution of the sublease, she was acting on behalf of a new general partner, Aneb, which apparently she alone controlled, rather than on behalf of Shopping Center, the original general partner. As Tapps notes, Linden's certificate was never amended to add Aneb as the new general partner in violation of section 17-202 of title 6 of the Delaware Code Annotated. While we disagree with Tapps' assertion that such failure per se removes Neuman's limited liability protections under the statute, we see this maneuvering as an additional indicia of Neuman's acting in an individual capacity outside of the limited partnership structure.

In short, given that Neuman was the only representative of Linden ever to personally deal with Tapps, and that she substituted a new general partner under her control to deal with Tapps, it cannot be stated as a matter of law that she did not participate in the control of Linden's business, or that Tapps' stated belief that she was acting as Linden's general partner was unreasonable (*see, Gonzalez v Chalpin, supra; Resolution Trust Corp. v 260-68 Elizabeth St. Owners Assocs.,* 1997 US Dist LEXIS 5369 [SD NY, Apr. 24, 1997, Kram, J.]). Accordingly, Neuman's motion for summary judgment should have been denied. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.