■ TAPPS OF NASSAU SUPERMARKETS, INC., Appellant, v LINDEN BOULEVARD, L.P., et al., Respondents, et al., Defendants. [704 NYS2d 27] —Order, Supreme Court, New York County (Charles Ramos, J.), entered January 29, 1999, which granted defendants' motion to dismiss and denied plaintiff's motion to amend the complaint, unanimously reversed, on the law, without costs, defendants' motion denied, the complaint reinstated, and plaintiff's motion granted to the extent of permitting assertion of additional causes of action against Neuman and Linden, adding Braha as a defendant and assertion of two causes of action against Braha.

In 1991, Linden Boulevard, L.P. purchased a lease from a bankruptcy debtor and thereafter sublet to Tapps of Nassau Supermarkets, Inc. for use as a Key Food supermarket. Linden's general partner was Shopping Center Maintenance of America, which later that year merged into a corporation named Aneb, Inc.; Aviva Neuman was Vice-President of both Shopping Center and Aneb. In 1994, Linden filed a chapter XI petition for bankruptcy, which was dismissed, whereupon Linden vacated the shopping center. The owner commenced eviction proceedings in 1995 and obtained judgments against Linden, Tapps and other subtenants. This action was instituted by Tapps in December 1995 based on three causes of action: conversion, breach of contract and misrepresentation. Tapps alleged that it had made proportionate maintenance and tax payments to Linden which were supposed to be paid to the owner but were instead converted by Linden, and that Linden's failure to make such payments resulted in Tapps's eviction. In 1998, Aviva Neuman moved to dismiss Tapps's complaint; the IAS Court dismissed on the ground that she was a limited

partner. This Court reversed, finding that her actions in negotiating the lease, in meeting with Tapps's representatives about overcharges and in being the sole rent collector raised triable issues of fact regarding the existence of a reasonable belief that she participated in the control of Linden's business (*Tapps of Nassau Supermarkets v Linden Blvd.*, 242 AD2d 235, 237-239). Following discovery, Linden and Neuman moved for summary judgment on the grounds that exculpatory clauses in the lease precluded recovery and that Neuman had done nothing which could form a basis for personal liability. The IAS Court dismissed plaintiff's complaint, having found that a clause in the lease provided that upon termination of the master lease, the sublease was terminated without any recourse by the subtenant against its landlord. The IAS Court further found that another clause in the lease provided that the tenant could only look to the estate and property of the landlord in the shopping center and that, since the master lease had terminated, no property remained to which judicial process could be directed. The IAS Court additionally observed that Neuman had only acted as managing agent and that she had held herself out as acting only for the partnership.

Tapps argues that Neuman was barred from moving for dismissal due to the single motion rule of CPLR 3211 (e); however there is nothing which prevents a motion for summary judgment from being made on the same ground which had earlier been advanced in a motion to dismiss (*Hertz Corp. v Luken*, 126 AD2d 446, 448-449).

The lease between Tapps and Linden provided that all of Tapps's rights "are subject and subordinate to the rights of landlord under the Master Lease * * * and any termination of the Master Lease shall cause a termination of this lease * * * and [Tapps] shall not be entitled to any compensation * * * for such termination." The IAS Court held that this clause effectively insulated Linden from liability to Tapps for a termination caused by Linden's willful default, which caused Tapps's eviction. "Implicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance" (*Dalton v Educational Testing Serv.*, 87 NY2d 384, 389). In "every contract there is an implied undertaking on the part of each party that he will not intentionally and purposely do anything to prevent the other party from carrying out the agreement on his part" (*Patterson v Meyerhofer*, 204 NY 96, 100). While this clause made Tapps's lease dependent upon the continued existence of Linden's tenancy under the Master Lease, it does not by its own terms insulate Linden from potential liability for

willful actions which have caused the expiration of its own tenancy, including the conversion of moneys received from Tapps for maintenance and taxes. Making Tapps's continued right of occupancy subject to the owner's right to terminate the Master Lease does not mean that Linden acquired a right to engage in purposeful conduct from which it or others could benefit to the detriment of Tapps. If Linden had desired to obtain from Tapps an immunity from suit for intentional torts, the clause in question should have been so worded.

Tapps's complaint was also dismissed based upon a clause in the lease which provided that any judgment obtained by Tapps could only be satisfied from the estate and property of Linden in the shopping center, i.e., its tenancy created by the Master Lease. That Tapps may be ultimately unable to satisfy a judgment does not provide a basis for limiting Taps's ability to bring an action for conversion, breach of contract and misrepresentation. Insulation of certain assets does not immunize a party from liability.

This Court has previously held in this litigation that record evidence created issues of fact regarding the potential personal liability of Neuman (*Tapps of Nassau Supermarkets v Linden Blvd.*, 242 AD2d 235, *supra*). Nothing submitted on the summary judgment motion eliminated the factual question of whether Tapps employees reasonably believed that Neuman controlled Linden.

Leave to amend should be granted freely if the proponent has alleged facts to establish a prima facie cause of action unless the party opposing amendment has demonstrated that those alleged facts would be insufficient as a matter of law (*Daniels v Empire-Orr, Inc.*, 151 AD2d 370). Tapps sought leave to amend to add Braha, two causes of action against Braha and two new causes of action against Linden and Neuman. Braha was the President of Shopping Center Maintenance, the original general partner of Linden, and the lease indicates that he personally represented that all payments required to be made under the Master Lease by Linden had been paid. Causes of action for fraudulent inducement and conversion appear to necessarily implicate Braha and no party has suggested any prejudice in adding him as a defendant. The proposed causes of action for breach of quiet enjoyment and breach of the obligation of good faith against Linden and Neuman would be meritless if Linden had obtained an immunity from the intentional wrongful conduct of interfering with Tapps's sublease. Since the clause conditioning Tapps's sublease on the continue exis-tence of Linden's tenancy under the Master Lease does not af-

ford Linden such immunity from suit, Tapps should have ben allowed to amend its complaint to include those causes of action. Leave to amend to include Aneb was properly denied since there was no showing at all as to any theory against Aneb. Concur—Williams, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.