3   MICHAEL ANCRUM, Respondent, v ST. BARNABAS HOSPITAL, Appellant. [755 NYS2d 28] —Order, Supreme Court, Bronx County (George Friedman, J.), entered on or about January 10, 2002, which denied defendant St. Barnabas Hospital's motion for leave to amend its answer to assert the affirmative defense of failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act (PLRA), unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted.

The PLRA (42 USC § 1997e [a]) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The statute is designed to reduce the amount of prisoner litigation, filter out at least some of the frivolous claims, facilitate the adjudication of cases that do proceed to court by creating an administrative record that "clarifies the contours of the controversy," improve prison administration, and satisfy some prisoners (*Porter v Nussle*, 534 US 516, 525). The exhaustion requirement applies regardless of whether an inmate's allegations concern general circumstances or distinct episodes, whether they assert excessive force or some other wrong and, contrary to the finding of the motion court, the exhaustion requirement is mandatory (*Porter v Nussle, supra*; *White v State of New York*, 2002 WL 31235713, 2002 US Dist LEXIS 18791 [SD NY, Oct. 3, 2002]; *see also Booth v Churner*, 532 US 731).

Plaintiff's contention that the failure to exhaust administrative remedies is not an affirmative defense but, rather, "a condition precedent to stating a cause of action" is incorrect, as the Court of Appeals for the Second Circuit has expressly recognized that a plaintiff's failure to comply with the PLRA requirements is an affirmative defense (*Jenkins v Haubert*, 179 F3d 19, 28-29), implicating the court's subject matter jurisdiction (*Long v Lafko*, 2001 WL 863422, 2001 US Dist LEXIS 10808

[SD NY, July 31, 2001]; *Benitez v Straley*, 2002 WL 31093608, 2002 US Dist LEXIS 17519 [SD NY, Sept. 18, 2002]). As a result, despite the fact that the single motion rule of CPLR 3211 (e) would preclude defendant from moving to dismiss the complaint for failure to state a cause of action by reason of noncompliance with the PLRA's exhaustion requirement, defendant may still move for summary judgment on the ground of noncompliance with the PLRA (*see Tapps of Nassau Supermarkets v Linden Blvd.*, 269 AD2d 306, 307; *Hertz Corp. v Luken*, 126 AD2d 446).

Defendant has also not waived the right to interpose the affirmative defense in an amended answer as CPLR 3211 (e) expressly provides that a previously omitted objection based upon lack of subject matter jurisdiction or failure to state a cause of action may be made in a subsequent pleading (*Hertz Corp. v Luken, supra* at 448-449).

It is well settled that leave to amend a pleading shall be freely granted absent prejudice or surprise resulting from the delay (CPLR 3025 [b]; *Crimmins Contr. Co. v City of New York*, 74 NY2d 166). We have consistently held, however, that in an effort to conserve judicial resources, an examination of the proposed amendment is warranted (*Davis & Davis v Morson*, 286 AD2d 584; *Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107), and leave to amend will be denied when the proposed pleading is palpably insufficient as a matter of law (*Davis & Davis v Morson, supra* at 585; *Bencivenga & Co. v Phyfe*, 210 AD2d 22).

In this matter, we discern no prejudice to plaintiff in that only four months elapsed between the filing of the original answer and defendant's motion for leave to amend, coupled with the fact that there has been no discovery or other significant progress in the case.

Nevertheless, plaintiff argues, for the first time on appeal, that the PLRA does not apply to him since he is no longer incarcerated. Although the PLRA does not apply to prisoners who commence an action after they have been released (*see Greig v Goord*, 169 F3d 165, 167; *Morris v Eversley*, 205 F Supp 2d 234, 241), the statute governs in those cases, like that herein, where the person files the action while still confined (*Harris v Garner*, 216 F3d 970, 974-975, *cert denied* 532 US 1065).

Finally, we reject plaintiff's argument that the PLRA's exhaustion requirement does not apply where the administrative grievance procedure does not afford the remedy sought by a prisoner, such as monetary damages, as that position has

been explicitly rejected by the United States Supreme Court (*Porter v Nussle, supra* at 524).

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Nardelli, J.P., Tom, Ellerin, Friedman and Marlow, JJ.