■■■ VAMCO, INC., Formerly Known as VMA SALVAGE, INC., Plaintiff, v PHYLLIS J. POLHEMUS, Defendant and Third-Party Plaintiff-Respondent. FRANK R. MONFREDO et al., Individually and as Limited Partners of Village Meadows Associates, Third-Party Defendants-Appellants, et al., Third-Party Defendants. (Appeal No. 1.) [754 NYS2d 802] —Appeal from an order of Supreme Court, Monroe County (Barry, J.), entered November 7, 2001, which, inter alia, denied the motion of third-party defendants-appellants to dismiss the third-party complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of third-party defendants-appellants in part and dismissing the amended third-party complaint against third-party defendant John Morgan and as modified the order is affirmed without costs.

Memorandum: Those third-party defendants who are limited partners of Village Meadows Associates (VMA) (third-party defendants) appeal from an order that, inter alia, denied their motion seeking dismissal of the third-party complaint against them and granted the motion of defendant-third-party plaintiff, Phyllis J. Polhemus, seeking leave to amend the third-party complaint. We conclude that Supreme Court properly denied the motion except with respect to third-party defendant John Morgan, and we therefore modify the order by granting third-party defendants' motion in part and dismissing the amended third-party complaint against Morgan.

Third-party defendants, together with Polhemus, are limited partners of VMA, a limited partnership formed in 1987 to purchase a housing complex. Third-party defendant Gerald Talandis, the former spouse of Polhemus, was removed as general partner of VMA by a court order entered in 1997. VMA formed third-party defendant Village Meadows, Inc. (VMI) to convert the housing complex into cooperative units, and the purchasers of those units were shareholders of VMI. Polhemus and third-party defendants are among those shareholders. In 1992, in an effort to raise capital to prevent a default on the outstanding notes owed in connection with the cooperative units project, VMA formed VMA Salvage, Inc., the predecessor to VAMCO, Inc. (VAMCO). VAMCO is the plaintiff in the underlying primary action herein, and Polhemus and the other limited partners of VMA are the shareholders of VAMCO. VAMCO purchased the participating interests of the cooperative units from Resolution Trust Corporation (RTC), and Polhemus contracted with VAMCO to purchase the participat-

ing interests of three cooperative units from VAMCO at a discount. In calculating the amount owed to VAMCO, Polhemus deducted amounts that she had previously paid to VMA and VMI to reduce the debt on the three units purchased by Polhemus and her two daughters. According to Polhemus, she erroneously believed that those payments were forwarded by Talandis to the holders of the notes, predecessors of RTC and its agent BEI Management, Inc. VAMCO obtained a judgment for approximately $22,000 against Polhemus in the underlying primary action, an amount that represents the payments made to VMA and VMI by Polhemus and the balance due Polhemus on a loan made to VMA. In this third-party action, Polhemus alleges that third-party defendants will receive that amount from her twice. She alleges that, as limited partners who have exercised control over VMA, third-party defendants previously have had the benefit of the funds, and they will again benefit as shareholders of VAMCO when the judgment is satisfied.

Accepting the facts alleged in the amended third-party complaint as true and affording Polhemus "the benefit of every possible favorable inference" (*Leon v Martinez,* 84 NY2d 83, 87), we conclude that the amended third-party complaint states a cause of action for money had and received (*see Matter of Witbeck,* 245 AD2d 848, 850). In addition, the amended third-party complaint alleges, inter alia, that third-party defendants, with the exception of Morgan, exercised complete control over VMA and VMI, which shared an office and a checking account. We therefore further conclude that Polhemus has alleged sufficient facts that, if afforded the benefit of every possible favorable inference, would render the general restriction on the liability of limited partners inapplicable with respect to third-party defendants (*see* Partnership Law § 96; *see generally Gonzalez v Chalpin,* 77 NY2d 74, 76, *rearg denied* 77 NY2d 940). We have considered the remaining contentions of third-party defendants and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Lawton, JJ.