Levin v Brust (2023 NY Slip Op 23287)

[*1]

Levin v Brust

2023 NY Slip Op 23287

Decided on September 26, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on September 26, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570074/23

Joel Levin as Successor Trustee for Arnold Goldstein as Trustee of Trust 
 f/b/o Shari Lynn Goldstein and Samson Management LLC, as Agent, Petitioner-Landlord-Respondent,
against
Marilyn Brust, Respondent-Tenant-Appellant.

Tenant, as limited by her briefs, appeals from those portions of 1) an order of the Civil Court of the City of New York, New York County (Karen May Bacdayan, J.), dated October 6, 2022, which denied her motion to dismiss the petition pursuant to CPLR 3211(a)(1), and 2) an order (same court and Judge), dated January 25, 2023, which denied her cross-motion for summary judgment, in a holdover summary proceeding.

Per Curiam.
Order (Karen May Bacdayan, J.), dated January 25, 2023, insofar as appealed from, reversed, with $10 costs, tenant's cross motion granted and the petition dismissed. Appeal from order (Karen May Bacdayan, J.), dated October 6, 2022, dismissed as academic.
Civil Court should not have treated tenant's cross motion for summary judgment as a motion for leave to reargue a prior order denying tenant's preanswer motion to dismiss pursuant to CPLR 3211(a). "[T]here is nothing which prevents a motion for summary judgment from being made on the same ground which had earlier been advanced in a motion to dismiss" (Tapps of Nassau Supermarkets v Linden Blvd., 269 AD2d 306, 307 [2000]; see Ancrum v St. Barnabas Hosp., 301 AD2d 474, 475 [2003]).
On the merits, tenant's cross motion for summary judgment dismissing the nonprimary residence holdover petition should have been granted. Landlord's offer to renew the rent-stabilized lease on December 16, 2019, timely accepted by tenant, created an enforceable lease agreement, notwithstanding landlord's service of a notice of nonrenewal on December 26, 2019 [*2](see Isaly-Liceaga v Pickarski, 63 Misc 3d 154[A], 2019 NY Slip Op 50802[U] [App Term, 1st Dept 2019]; 123 W. 15, LLC v Compton, 4 Misc 3d 138[A], 2004 NY Slip Op 50938[U] [App Term, 1st Dept 2004]; Hakim v Muller, 2002 NY Slip Op 50339[U] [App Term, 1st Dept 2002]; Herman v Meryn (NYLJ, July 29, 1994, at 21, col 1 [App Term, 1st Dept 1994]). "The fact that the landlord may not have intended the proposed lease ... to constitute a binding offer is immaterial because the statute requires that the offer be binding" (Matter of East 56th Plaza v New York City Conciliation & Appeals Bd., 56 NY2d 544, 546 [1982]; see Jacreg Realty Corp. v Barnes, 284 AD2d 280, 280-281 [2001]).
We reject landlord's contention that the subject renewal lease is unenforceable because it lists an allegedly non-existent entity, i.e., "16 Park Ave" as "Owner." Landlord identified itself in the renewal lease it admittedly tendered as "16 Park Ave," the same entity identified as owner in the prior (2018) renewal lease signed by the parties, and landlord's correspondence instructed tenant to make all rent checks payable to the "building entit[y]," one "16 Park Avenue LLC." In the circumstances, landlord cannot escape liability by now disavowing 16 Park Ave (see Gotthelf v Shapiro, 136 App Div 1, 3 [1909]; see also David v Williamsburgh City Fire Ins. Co., 83 NY 265, 268-269 [1880]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 26, 2023