**Wesco Ins. Co. v Sean Coakley Plumbing & Heating Inc.**

2024 NY Slip Op 31131(U)

April 2, 2024

Supreme Court, New York County

Docket Number: Index No. 151362/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** HON. MARY V. ROSADO      **PART**      **33M**

*Justice*

-------------------------------------------------------------------X

WESCO INSURANCE COMPANY on its own behalf
And as subrogee of PHILIP'S SENIOR HOUSE LLC and
PHILIPS SENIOR HOUSE HOUSING DEVELOPMENT
FUND CORP.,

Plaintiff,

- v -

SEAN COAKLEY PLUMBING & HEATING INC.,

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151362/2023 |
| **MOTION DATE** | 05/09/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23

were read on this motion to/for             DISMISS .

Upon the foregoing documents, and after oral argument which took place on October 17, 2023 with Christopher A. Wong, Esq. appearing for Plaintiff Wesco Insurance Company ("Plaintiff") on its own behalf and as subrogee of Philip's Senior House LLC and Philips Senior House Housing Development Fund Corp. (together "Philips"), and Kimberly A. Miller, Esq. appearing for Defendant Sean Coakley Plumbing & Heating Inc. ("Defendant"), Defendant's motion for an Order dismissing Plaintiff's Complaint (NYSCEF Doc. 7) pursuant to CPLR 3211(a)(7) and 3211(a)(1), is granted in part and denied in part.

## I.    Background and Procedural History

Philips own a residential apartment building located at 220 West 133rd Street, Harlem (the "Premises") (NYSCEF Doc. 7 at ¶ 3). Plaintiff alleges that on June 24, 2019 Philips contracted with Defendant to remove existing float switches and to supply and to install three new float

**151362/2023 WESCO INSURANCE COMPANY vs. SEAN COAKLEY PLUMBING & HEATING INC.**
Motion No. 001

Page 1 of 7

switches, float balls and fittings to the roof-top water tank at the Premises (NYSCEF Doc. 7 at ¶ 6).

On February 10, 2023 Plaintiff commenced this action to recover for property damage resulting from a leak in a roof-top water tank at the Premises (NYSCEF Doc. 7). Plaintiff alleges that the water leak and resulting damage were caused by Defendant's failure to install properly the float switches to a high/low water alarm system or automatic cut-off switch (NYSCEF Doc. 7 at ¶ 13).

Plaintiff's Complaint asserts three causes of action against Defendant: (1) negligent installation of three float switches and failing to connect them to a high/low water alarm or automatic cut-off switch; (2) breach of contract and implied warranty to use reasonable care; and (3) nuisance and interference with the use and enjoyment of the premises (NYSCEF Doc. 7).

On May 9, 2023 Defendant commenced the instant motion to dismiss Plaintiff's Complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, and pursuant to CPL 3211(a)(1) asserting defenses founded upon documentary evidence (NYSCEF Docs. 5-6)[1]. In the alternative, Defendant moves for leave to renew, reargue, or resubmit its motion for summary judgment at the close of all discovery (NYSCEF Doc. 5).

In opposition to Defendant's motion, Plaintiff argues that its Complaint alleges sufficient facts to state a claim for negligence, breach of contract and nuisance (NYSCEF Doc. 21). Further, Plaintiff argues that the supporting documents provided by Defendant in support of their motion to dismiss do not constitute "documentary evidence" for purposes of CPLR 3211(a)(1) (NYSCEF

---

[1] While Defendant's Notice of Motion (NYSCEF Doc. 5) states only that Defendant moves for dismissal pursuant to CPLR 3211(a)(7), Plaintiff's Affirmation in Support (NYSCEF Doc. 6) also requests dismissal pursuant to CPLR 3211(a)(1).

Doc. 21 at 2). Lastly, Plaintiff argues that Defendant's motion for summary judgment is premature as issue has not yet been joined in this action (NYSCEF Doc. 21 at 2).

## II. Discussion

### A. Defendant's Motion to Dismiss Pursuant to CPLR 3211(a)(7)

Pursuant to CPLR 3211(a)(7), "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that ...the pleading fails to state a cause of action...." In considering a motion pursuant to CPLR 3211(a)(7), "the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff the benefit of every possible favorable inference" (*J.P. Morgan Sec. Inc. v Vigilant Ins. Co.* 21 NY3d 324, 334 [2013]). "[T]he sole criterion is whether the pleading states a cause of action, and therefore if from its four corners factual allegations are discerned which if taken together can manifest any cause of action, a motion for dismissal must fail" (*Kusher v King* 126 AD2d 446, 467 [1st Dept 1987]).

#### i. Defendant's Motion to Dismiss Plaintiff's First Cause of Action for Negligence is Denied

It is well established that "[t]o state a claim for negligence, a plaintiff must sufficiently allege (1) a duty; (2) a breach of that duty; (3) causation; and (4) actual injury" (*Aetna Life Ins. Co. v Appalachian Asset Mgt. Corp.* 110 AD3d 32, 42-43 [1st Dept 2013]).

Here, Plaintiff's Complaint satisfies all of the elements of a cause of action for negligence by first alleging that Defendant violated its duty to Plaintiff by failing to install or connect any of the three (3) new float switches to a high/low water alarm system or an automatic cut-off switch (NYSCEF Doc. 7 at ¶ 8). Further, Plaintiff's Complaint alleges that Defendant acted negligently when it failed to use reasonable care in the installation of the three (3) new float switches (NYSCEF Doc. 7 at 10). Plaintiff's Complaint sufficiently alleges the requisite causation by

151362/2023   WESCO INSURANCE COMPANY vs. SEAN COAKLEY PLUMBING & HEATING INC.          Page 3 of 7
Motion No. 001

3 of 7

alleging that Defendant's negligence was the sole proximate cause of water damage to the Premises (NYSCEF Doc. 7 at ¶¶ 12-13). Finally, Plaintiff's Complaint satisfies the fourth element required for a cause of action for negligence by alleging that by reason of Defendant's negligence, Plaintiff has suffered damages in the sum of $858,276.70 (NYSCEF Doc. 7 at ¶ 15).

In light of the foregoing, affording Plaintiff the benefit of every favorable inference, the Court finds that Plaintiff has sufficiently stated a cause of action for negligence. Accordingly, Defendant's motion to dismiss Plaintiff's cause of action for negligence, pursuant to CPLR 3211(a)(7), is denied.

> ii. Defendant's Motion to Dismiss Plaintiff's Second Cause of Action for Breach of Contract is Granted

The First Department has held that "[t]o state a cause of action for breach of contract, a plaintiff must allege: (1) the parties entered into a valid agreement, (2) plaintiff performed, (3) defendant failed to perform, and (4) damages" (*VisionChina Media Inc. v Shareholder Representative Servs., LLC*, 109 AD3d 49, 58 [1st Dept 2012]). Further, a breach of contract claim should be dismissed for failure to state a cause of action where a plaintiff "fail[s] to allege the breach of any particular contract provision" (*Kraus v Vista Int'l Serv. Ass'n*, 304 AD2d 408 [1st Dept 2003]).

Here, Plaintiff's Complaint fails to state a cause of action for breach of contract as the Complaint fails to allege the breach of any particular contract provision and fails to allege that Plaintiff performed any of its obligations under the alleged contract.

Accordingly, Defendant's motion to dismiss Plaintiff's Second Cause of Action for breach of contract is granted.

*[The remainder of this page is intentionally left blank]*

151362/2023   WESCO INSURANCE COMPANY vs. SEAN COAKLEY PLUMBING & HEATING INC.          Page 4 of 7
Motion No. 001

4 of 7

### iii. Defendant's Motion to Dismiss Plaintiff's Third Cause of Action for Private Nuisance is Denied

To state a cause of action for private nuisance a plaintiff must allege "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (*61 W. 62 Owners Corp. v CGM EMP LLC*, 77 AD3d 330, 334 [1st Dept 2010]).

Here, Plaintiff satisfies the above elements by alleging that Defendant's negligence caused a roof-top water tank to overflow and drain into the Premises and its elevator shafts, substantially and unreasonably interfering with Plaintiff's subrogor's right to use and enjoy the Premises (NYSCEF Doc. 7).

Accordingly, Defendants motion to dismiss Plaintiff's Third Cause of Action for private nuisance, pursuant to CPLR 3211(a)(7), is denied.

### B. Defendant's Motion to Dismiss Pursuant to CPLR 3211(a)(1)

CPLR 3211(a)(1) states that a party "may move for judgment dismissing one or more causes of action asserted against him on the ground that a defense is founded upon documentary evidence." It is well settled that a motion to dismiss based on documentary evidence pursuant to CPLR § 3211(a)(1) is appropriately granted only when the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]). The documentary evidence must be unambiguous, of undisputed authenticity, and its contents must be essentially undeniable (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019]).

Preliminarily, while Plaintiff argues that Defendant's motion to dismiss pursuant to CPLR 3211(a)(1) is premature because issue in this action has not yet been joined, that argument is unavailing as the First Department has made clear that a CPLR 3211(a)(1) motion must be made,

as it was here, "before an answer is interposed or preserved in a responsive pleading" (*M & E 73-75, LLC v 57 Fusion LLC*, 189 AD3d 1, 6 [1st Dept 2020]).

Here, Defendant submitted the Affidavits of Steve Pietropaolo (NYSCEF Doc. 14) and Sean Coakley (NYSCEF Doc. 11) in support of the instant motion, which do not constitute documentary evidence for purposes of CPLR 3211(a)(1) (see *S.M. v Madura*, 223 AD3d 486, 487 [1st Dept 2024] (holding that an affidavit "does not constitute documentary evidence providing a basis for dismissal under CPLR 3211(a)(1)). Further, the Court finds that Defendant's invoice from the installation of the float switches (NYSCEF Doc. 13) fails to undeniably and definitively refute Plaintiff's claims (NYSCEF Doc. 7 at " 13).

Accordingly, Defendant's motion to dismiss Plaintiff's Complaint pursuant to CPLR 3211(a)(1) is denied. [2]

Accordingly, it is hereby,

ORDERED that Defendant Sean Coakley Plumbing & Heating Inc.'s motion to dismiss Plaintiff's First Cause of Action for negligence and Third Cause of Action for Private Nuisance is denied; and it is further

ORDERED that Defendant Sean Coakley Plumbing & Heating Inc.'s motion to dismiss Plaintiff's Second Cause of Action for breach of contract is granted; and it is further

*[The remainder of this page is intentionally left blank]*

---

[2] Finding that the documentary evidence proffered by Defendant fails to refute undeniably Plaintiff's claims, and given Plaintiff's assertion that it intends to further dispute Defendant's contentions after the parties have had an opportunity to exchange discovery and conduct depositions (NYSCEF Doc. 20 at ¶ 6), the Court declines to convert Defendant's motion to dismiss to one for summary judgment, as the record does not demonstrate that the parties "deliberately chart[ed] a summary judgment course" (see *Elsky v Hearst Corp.*, 232 AD2s 310 [1st Dept 1996]). As such, leave from the Court is not necessary for Defendant to bring a motion for summary judgment at the close of discovery.

ORDERED that the parties are directed to submit a proposed Preliminary Conference Order to the court on or before April 30, 2024. If the parties are unable to agree to a proposed Preliminary Conference Order, the parties are directed to appear for an in-person preliminary conference with the Court on May 1, 2024 at 9:30 a.m. in 60 Centre Street, Room 442, New York, New York; and it is further

ORDERED that within ten (10) days of entry, counsel for Defendant Sean Coakley Plumbing & Heating Inc. shall serve a copy of this Decision and Order, with notice of entry, on Plaintiff Wesco Insurance Company; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 4/2/2024 | | | | | _Mary V. Rosado JSC_ | |
|----------|---|---|---|---|--------------------------|---|
| DATE | | | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|------------|---|-----------------|---|-------------------------|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**151362/2023  WESCO INSURANCE COMPANY vs. SEAN COAKLEY PLUMBING & HEATING INC.**    Page 7 of 7
Motion No. 001

7 of 7

[* 7]