OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, modified by providing that the branch of defendant’s motion seeking summary judgment dismissing the complaint is granted to the extent of awarding defendant summary judgment dismissing the first, second, seventh and eighth causes of action, and, upon searching the record, summary judgment is granted in favor of defendant dismissing so much of the third cause of action as sought to recover on a claim in the sum of $1,693.80; as so modified, affirmed without costs.
After issue was joined in this action by providers to recover assigned first-party no-fault benefits for services rendered to their assignor, defendant moved for summary judgment dismissing the complaint and for leave to amend its answer, pursuant to CPLR 3025 (b), to interpose a counterclaim seeking damages for unjust enrichment and, upon such amendment, for summary judgment on the counterclaim. The counterclaim was based upon plaintiffs’ having obtained payments for services rendered at rates in excess of the applicable workers’ compensation fee schedules.
Plaintiffs opposed defendant’s motion, arguing that since defendant was precluded from raising issues regarding an alleged *60 fee schedule overpayment, based upon its untimely payments and denials, it should not be able to amend its answer to interpose a counterclaim with respect thereto. Plaintiffs also asserted that defendant was not entitled to summary judgment dismissing the complaint. They further stated that they were withdrawing the fifth and sixth causes of action. The Civil Court denied both branches of defendant’s motion, on preclusion grounds, except that it did not pass upon the issues raised by defendant with respect to the fifth and sixth causes of action.
Pursuant to CPLR 3025 (b), a party may amend its pleading at any time by leave of the court, and leave shall be freely given upon such terms as may be just. It is within the court’s discretion whether to allow a party to amend its pleading (Murray v City of New York, 43 NY2d 400, 404-405 [1977]; Lanpont v Savvas Cab Corp., 244 AD2d 208, 209 [1997]). Among the factors which a court must consider in making this determination is whether the proposed amendment is meritorious (Thomas Crimmins Contr. Co. v City of New York, 74 NY2d 166, 170 [1989] [“Where a proposed defense plainly lacks merit, however, amendment of a pleading would serve no purpose but needlessly to complicate discovery and trial, and the motion to amend is therefore properly denied”]; Ancrum v St. Barnabas Hosp., 301 AD2d 474, 475 [2003]). In our opinion, since defendant’s proposed counterclaim pertains to a defense which is precluded due to defendant’s untimely denials, the Civil Court properly denied the branch of defendant’s motion seeking leave to amend the answer to assert the counterclaim.
With respect to so much of the branch of defendant’s motion as sought summary judgment dismissing plaintiffs’ first and seventh causes of action on the ground that defendant ultimately paid both the principal of the sums demanded therein and the interest due thereon, we find that since plaintiffs admitted that defendant paid the claims in their entirety, and since defendant demonstrated that it had paid the applicable accrued interest, those causes of action should have been dismissed. Furthermore, upon searching the record, we find that, for the same reason, defendant is entitled to summary judgment dismissing so much of the third cause of action as sought to recover on a claim in the sum of $1,693.80.
With respect to so much of the branch of defendant’s motion as sought summary judgment dismissing the second and eighth causes of action for attorney’s fees on the ground that plaintiffs recovered amounts in excess of the amounts permitted *61 by the workers’ compensation fee schedules for the claims underlying the first and seventh causes of action, we agree that plaintiffs are barred from recovering said attorney’s fees pursuant to Insurance Department Regulations (11 NYCRR) § 65-4.6 (i). In Matter of Medical Socy. of State of N.Y. v Serio (100 NY2d 854, 871 [2003]), the Court of Appeals stated:
“[A]ttorney fees are no longer to be paid to a health care provider who submits claims in excess of the applicable fee schedules established pursuant to Insurance Law § 5108, except when the charges involve interpretation of the schedules or inadvertent miscalculation or error ([Insurance Department Regulations] 11 NYCRR 65-4.6 [i]). This amendment was adopted in order to deter health care providers from overcharging by filing claims in excess of the amount to which they are statutorily entitled, and constitutes a permissible ‘limitation[ ] promulgated by the superintendent in regulations’ (Insurance Law § 5106 [a]).”
In the instant case, after defendant made a prima facie showing that the amounts charged by plaintiffs for claims underlying the first and seventh causes of action were in excess of the fee schedules, the burden shifted to plaintiffs to show that the charges involved a different interpretation of such schedules or an inadvertent miscalculation or error. Plaintiffs failed to proffer any evidence to meet that burden. Accordingly, defendant was entitled to summary judgment dismissing the second and eighth causes of action.
To the extent that defendant sought summary judgment dismissing on the ground of lack of medical necessity so much of the third cause of action as sought to recover on bills in the sums of $659.61 (dates of service Aug. 21, 2006 — Sept. 13, 2006), $302.12 (date of service Aug. 31, 2006), and $3,986.92 (date of service Aug. 24, 2006), the Civil Court properly denied this branch of defendant’s motion since the affirmation from plaintiffs’ physician demonstrated the existence of an issue of fact as to medical necessity (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Defendant’s contention that the court erred in considering plaintiffs’ untimely amended opposition papers, which contained said affirmation, without giving defendant an opportunity to respond thereto, is not properly before this court because the record on appeal does not reflect such facts.
*62 Although defendant argues that it is entitled to summary-judgment dismissing the fifth and sixth causes of action, that matter is not properly before us.
Pesce, EJ., Weston and Steinhardt, JJ., concur.