OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, the complaint is reinstated, and plaintiffs motion for leave to enter a default judgment is granted.
Plaintiff insurer commenced this action against defendant, a provider of durable medical equipment, seeking to recover, based on a theory of unjust enrichment, $2,846.18 in assigned first-party no-fault benefits which had been paid to defendant as assignee of Andrey Armstrong on December 4, 2008. Before commencing this action, plaintiff conducted an examination under oath of defendant’s assignor on December 18, 2008, in connection with the treatment rendered to him by various health care providers, and concluded that defendant’s assignor had never been supplied with the equipment for which defendant had billed and been reimbursed. After defendant failed to appear or answer the complaint, plaintiff moved, pursuant to CPLR 3215, for leave to enter a default judgment. In support of its motion, plaintiff submitted a copy of the summons and complaint; proof of service thereof on the Secretary of State, pursuant to Business Corporation Law § 306; additional proof of service in compliance with CPLR 3215 (g) (4) (i); an affirmation of counsel; an affidavit of the no-fault supervisor of plaintiffs managing general agent, which was responsible for processing and paying no-fault claims; and numerous exhibits. There was no opposition to the motion. The District Court denied the motion based on plaintiffs failure to have raised the fraudulent billing issue in a timely denial of claim. The instant appeal by plaintiff ensued.
With very limited exceptions, an insurer’s failure to pay or deny a claim within the 30-day claim determination period (see Insurance Law § 5106) precludes the insurer from interposing most defenses to payment of no-fault benefits, including the fact that medical services or medical equipment billed for were never actually provided (see Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556 [2008]). If an insurer is precluded from asserting a defense due to its failure to pay or deny a claim within the 30-day claim determination period, it may not *62 later seek to recover amounts it paid on the claim based on a theory of unjust enrichment (see e.g. Cornell Med., P.C. v Mercury Cas. Co., 24 Misc 3d 58 [App Term, 2d, 11th & 13th Jud Dists 2009]). However, where, as here, an insurer timely pays a claim within the 30-day claim determination period, the insurer is not foreclosed from affirmatively commencing an action to recover the amounts paid on the claim when the insurer later discovers that the claim is fraudulent (see State Farm Mut. Auto. Ins. Co. v Grafman, 655 F Supp 2d 212, 223-224 [ED NY 2009]; State Farm Mut. Auto. Ins. Co. v James M. Liguori, M.D., P.C., 589 F Supp 2d 221 [ED NY 2008]; see also Carnegie Hill Orthopedic Servs. P.C. v GEICO Ins. Co., 19 Misc 3d 1111 [A], 2008 NY Slip Op 50639[U] [Sup Ct, Nassau County 2008, Austin, J.]; Progressive Northeastern Ins. Co. v Advanced Diagnostic & Treatment Med., NYLJ, Aug. 2, 2001, at 18, col 2 [Sup Ct, NY County, Gammerman, J.]). The fact that the insurer chose to pay first-party no-fault benefits within the 30-day claim determination period, at a point when the insurer had no reason to deny the claim, “cannot in any sense be taken as a concession that the claim is legitimate” (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 224 [1986]). Indeed, an opinion issued by the New York State Department of Insurance specifically states that the No-Fault Law “is in no way intended and should not serve as a bar to subsequent actions by an insurer for the recovery of fraudulently obtained benefits from a claimant, where such action is authorized under the auspices of any statute or under common law” (Ops Gen Counsel NY Ins Dept [Nov. 29, 2000]). The rationale behind this interpretation is that
“payment of fraudulently obtained No-Fault benefits, without available recourse, serves to undermine and damage the integrity of the No-Fault system, which was created as a social reparations system for the benefit of consumers ... To conclude that the No-Fault statute bars the availability of other legal remedies, where the payment of benefits [was] secured through fraudulent means, renders the public as the ultimate victim of such fraud, in the form of higher premiums based upon the resultant increased costs arising from the fraudulent actions” (id.).
Moreover, “[t]here is nothing in the legislative history or case law interpretations of the statute or in Insurance Department regulations, opinions or interpretations of the statute that supports the argument that the statute bars such actions” (id.).
*63 Accordingly, contrary to the conclusion of the District Court, plaintiff is not barred from bringing this action seeking recovery of the amount it paid to defendant. As plaintiff demonstrated its compliance with CPLR 3215 (f) and (g) (4) (i), the District Court should have granted plaintiffs motion for leave to enter a default judgment.
Tanenbaum, J.E, Molía and Iannacci, JJ., concur.