(August 16, 2007)

■ CARTESIAN BROADCASTING NETWORK, INC., Appellant, v ROBECO USA, Formerly Known as WEISS, PECK & GREER, LLC, Respondent. [841 NYS2d 36]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered June 13, 2005, which granted defendant's motion to dismiss plaintiff's complaint as barred by collateral estoppel, unanimously affirmed, with costs and disbursements.

Plaintiff, an Internet advertising company with its principal place of business in New Jersey, alleges that its trade secrets were misappropriated by two employees of defendant, a limited liability company with its principal place of business in New York, and that the misappropriated secrets were given to plaintiff's competitor, Predictive, a company with its principal place of business in Massachusetts, in which the two employees were investors. In a prior Massachusetts action brought by plaintiff against defendant and others, the latter moved to dismiss the complaint as against it for lack of personal jurisdiction. In opposing that motion, plaintiff claimed that defendant, through its employees' harmful activities in Massachusetts, had created a sufficient jurisdictional predicate for the Massachusetts action against defendant on a theory of respondeat superior. The Massachusetts court rejected that contention, finding that the cited allegedly tortious acts of defendant's employees were not committed within the scope of their employment. The Massachusetts adjudication of plaintiff's respondeat superior theory is binding upon plaintiff in this subsequent ac-

tion (*see Jarosz v Palmer*, 436 Mass 526, 766 NE2d 482 [2002]), in which plaintiff's burden of persuasion is the same as it was in the prior action, and is preclusive of plaintiff's present claims, all of which seek to hold defendant liable by reason of the conduct of its employees. We note in this connection, that under Massachusetts Rules of Civil Procedure rule 41 (b) (3), a dismissal for lack of jurisdiction is not an adjudication on the merits (*see DiBello v St. Jean*, 106 RI 704, 707, 262 A2d 824, 825 [1970]). Such a judgment may nonetheless preclude relitigation of questions actually decided (*Estevez v Nabers*, 219 F2d 321, 323-324 [5th Cir 1955]; Restatement [Second] of Judgments § 27, Comment *b*; Restatement [Second] of Conflict of Laws § 110; Annotation, *Res Judicata Effect of Judgment Dismissing Action, or Otherwise Denying Relief, for Lack of Jurisdiction or Venue*, 49 ALR2d 1036, § 5 [b]).

Plaintiff's argument that it has pleaded direct claims against defendant in this action fares no better than its claims based on collateral estoppel. The Massachusetts court did in fact rule that "there is no evidence that WPG itself (or any of its funds) has directly caused any injury to Cartesian in Massachusetts or anywhere else." Plaintiff's direct claims, based on defendant's negligence in failing to supervise adequately or control the two employees, depend on the key allegation that the employees disclosed plaintiff's trade secrets to Predictive, which used the information improperly. The Massachusetts court's holding that the two employees were acting outside the scope of their employment precludes these claims as well. Thus, all of plaintiff's direct claims are precluded. Concur—Sullivan, J.P., Williams, Gonzalez, Sweeny and Kavanagh, JJ. [*See* 10 Misc 3d 1060(A), 2005 NY Slip Op 52048(U).]