■ Lisa Bishop et al., Appellants-Respondents, v Rona Maurer, Respondent-Appellant. [921 NYS2d 224]—

Order, Surrogate's Court, New York County (Troy K. Webber, S.), entered November 23, 2009, which, to the extent appealed

from as limited by the briefs, granted plaintiffs' motion for leave to amend their complaint insofar as it sought to include an allegation of forgery in their existing claim for undue influence, and denied the motion insofar as it sought to add a cause of action for fraud, without prejudice to bringing such a motion before the Supreme Court, New York County, unanimously modified, on the law, to deny leave to add a cause of action for fraud, and otherwise affirmed, without costs.

Contrary to defendant's claim, decedent did not previously acknowledge that he signed the retainer agreement on which defendant allegedly forged his signature. On the contrary, he alleged that *defendant* retained the lawyers who prepared the documents that he sought to set aside (a trust agreement and an agreement relating to his individual retirement account [IRA] and employee stock ownership plan [ESOP]). The reference in decedent's brief on a prior appeal to a conflict waiver did not unambiguously mean the conflict waiver in the retainer agreement, as there was also a conflict waiver in the IRA/ESOP agreement.

The question of whether decedent signed the retainer letter was not at issue on the prior appeal (33 AD3d 497 [2006], *affd* 9 NY3d 910 [2007]). Accordingly, law of the case does not apply here (*see generally People v Evans*, 94 NY2d 499, 502 [2000]). The Court of Appeals' reference to "the estate planning documents decedent signed" (9 NY3d at 911) must have meant the trust agreement and the IRA/ESOP agreement, since a retainer letter is not an estate planning document.

Defendant contends that plaintiffs' motion for leave to amend the complaint was untimely. However, "[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side" (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983] [internal quotation marks and citation omitted]). In opposition to plaintiffs' motion, defendant did not show how she would be prejudiced. We decline to consider arguments that she advanced for the first time in her motion for renewal and reargument, as we previously denied her request to enlarge the appellate record to include the papers from that motion (*see Bishop v Maurer*, 2010 NY Slip Op 87017[U] [2010]).

The fraud claim that plaintiffs sought to add was based on entirely different facts from the fraud claim that Supreme Court had previously dismissed. Therefore, plaintiffs were neither seeking to vacate or modify Supreme Court's decision (*cf.* CPLR 5015 [a] [5]), nor to renew or reargue it (*cf.* CPLR 2221). Accordingly, Surrogate's Court should have decided the motion

instead of referring it to Supreme Court. On the merits, the motion should have been denied. "A motion for leave to amend the complaint pursuant to CPLR 3025 (b) should be freely granted unless the proposed amendment is palpably insufficient to state a cause of action or is patently devoid of merit" (*Smith-Hoy v AMC Prop. Evaluations, Inc.*, 52 AD3d 809, 811 [2008] [internal quotation marks and citation omitted]). Here, the proposed fraud claim is clearly insufficient because there is no allegation of any misrepresentation or reliance on the part of decedent (*see e.g. Sehera Food Servs. Inc. v Empire State Bldg. Co. L.L.C.*, 74 AD3d 542 [2010]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Acosta, DeGrasse, Richter and Manzanet-Daniels, JJ.