■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL PITMAN, Appellant. [929 NYS2d 864]—

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*see People v Lingle*, 16 NY3d 621 [2011]), and we do not find that term to be excessive. We have no authority to revisit defendant's prison sentence on this appeal (*see id.* at 635). Concur—Tom, J.P., Catterson, Renwick, Freedman and Manzanet-Daniels, JJ.

■ VICTOR WEINGARTEN, Appellant, v S & R MEDALLION CORP. et al., Respondents, et al., Defendant. [929 NYS2d 864]—

The court providently exercised its discretion in denying plaintiff's motion. The proposed allegation of a "tacit" modification of the parties' written agreement, which required modifications to be in writing, is clearly devoid of merit (*see Bishop v Maurer*, 83 AD3d 483, 485 [2011]). Plaintiff denies that there was any oral modification of the written agreement, and he makes no allegations to support a claim of modification based upon conduct. With respect to the remaining proposed allegations, plaintiff asserts that they merely clarify the existing pleading. Accordingly, the court properly determined that they may be proved at trial and, if necessary, the pleadings can be amended to conform to the proof. Concur—Tom, J.P., Catterson, Renwick, Freedman and Manzanet-Daniels, JJ.