■ PAUL HSU et al., Appellants, v LIU & SHIELDS LLP et al., Respondents. [7 NYS3d 119]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered February 8, 2013, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered

October 16, 2013, unanimously dismissed, without costs, as taken from a nonappealable order.

Plaintiffs' appeal from the order denying their combined motion to renew and reargue, which was essentially a motion to reargue given that plaintiffs did not identify any new evidence, was taken from an order from which no appeal lies (*see Hock v Byrne*, 5 AD3d 169 [1st Dept 2004]).

While the complaint alleges that "[t]his is an attorneys' breach of agreement and malpractice case," it does also contain some allegations of defendants' fraudulent conduct. However, even affording the complaint a liberal construction and according plaintiffs the benefit of every possible favorable inference (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the fraud allegations in the complaint are duplicative of plaintiffs' untimely legal malpractice claims (*see Murray Hill Invs. v Parker Chapin Flattau & Klimpl*, 305 AD2d 228, 228-229 [1st Dept 2003] [affirming dismissal of fraud claim as duplicative of the untimely legal malpractice claim, and noting that it was asserted in an attempt to circumvent the legal malpractice limitations period]; *see also Penner v Hoffberg Oberfest Burger & Berger*, 303 AD2d 249 [1st Dept 2003] [fraudulent concealment cause of action dismissed as duplicative of accounting malpractice claims]), and cannot be used by plaintiffs to circumvent the shorter statute of limitations for legal malpractice.

We reject plaintiffs' due process arguments since the record indicates that plaintiffs submitted papers to the motion court in connection with the motions and, at oral argument, plaintiffs were given the opportunity to speak, but declined to do so.

We have considered the remainder of plaintiffs' arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, DeGrasse and Gische, JJ.