■ JOHN P. GOURARY, as Limited Administrator C.T.A. of the Estate of PAUL GOURARY, Deceased, Appellant, v ALICE GREEN, as Executor of PAUL GREEN, Deceased, et al., Respondents, et al., Defendants. [39 NYS3d 447]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered January 15, 2016, which granted defendants Alice Green, as executor of the estate of Paul Green, and Green & Ettinger's motion for summary judgment dismissing the complaint as against them, unanimously affirmed, with costs.

Plaintiff, the administrator of the estate of his deceased father, Paul Gourary (Gourary), alleges that, in connection with the May 2006 sale of Gourary's 50% share in a New York S-corporation to defendant Macomber, the son-in-law of the corporation's other 50% shareholder, Oliver Laster (since deceased) (Laster), defendant Paul Green (since deceased) and his law firm, defendant Green & Ettinger, committed legal malpractice and fraud in connection with their representation of Gourary in the sale, enabling Macomber to purchase Gourary's interest in the corporation at a steep discount.

The Green defendants established prima facie, through deposition testimony and two experts' affidavits, that the sale was consistent with Gourary's objectives, that Green did not represent Macomber before the deal was struck, and that the evidence did not support an inference that Green's representation violated the ethics rules or was inconsistent with the standard of professional conduct (*see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]). Moreover, defendants established the absence of proximately caused damages; since "there is no way to know whether the advice not given . . . 'would have altered the [outcome],'" the claim of damages is speculative (*id.* at 436; *see also Fielding v Kupferman*, 104 AD3d 580 [1st Dept 2013], *lv denied* 21 NY3d 859 [2013]; *Global Bus. Inst. v Rivkin Radler LLP*, 101 AD3d 651, 652 [1st Dept 2012]).

Contrary to plaintiff's contention, the Green defendants were not required to submit an expert opinion on the issue of causation. Unlike issues implicating "the byzantine world of immigration law" (*see Suppiah v Kalish*, 76 AD3d 829, 833 [1st Dept 2010], *appeal withdrawn* 16 NY3d 796 [2011]), the issue of causation in this case rests on the "discrete factual question" of how Gourary, a lay person, would have reacted to certain information (*see Wo Yee Hing Realty Corp. v Stern*, 99 AD3d 58, 63 [1st Dept 2012]).

In opposition, plaintiff failed to raise a triable issue of fact. There is no evidence that Green represented Macomber and Gourary dually in connection with the negotiations for the sale of Gourary's share of the corporation. Before making an offer, Macomber had consulted a tax lawyer; later he retained separate counsel to provide services in connection with the transaction. Moreover, Green's structuring of the transaction favored Gourary's interests over those of Macomber. Plaintiff's real estate law expert's opinion concerning the alleged dual representation was made without the benefit of knowing what, if anything, Green and Gourary discussed with respect to the price of the sale, and assumes that there were either no such discussions or that, on Green's side, the discussions failed to sufficiently promote Gourary's interests. In contrast to *Papaioannou v Lukas* (170 AD2d 289 [1st Dept 1991]), relied upon by plaintiff, there are no questions here about the nature of advice Green provided Gourary. The nature of that advice is simply unknown.

The fact that Gourary suffered from dementia did not necessarily render him incompetent to enter into the subject transaction (*see Matter of Mildred M.J.*, 43 AD3d 1391 [4th Dept 2007]). "A party's competence to enter into a transaction is presumed, even if the party suffers from a condition affecting cognitive function" (*Pruden v Bruce*, 129 AD3d 506, 507 [1st Dept 2015]). Indeed, arguing that Green had a duty to take steps to protect Gourary as a client with diminished capacity, plaintiff apparently concedes that, with the proper protection, Gourary was capable of entering into the transaction. However, whether Green provided that protection cannot be known or reasonably inferred from the record.

The fraud claims are duplicative of the legal malpractice claim, since they arise from the same facts as underlie that claim and involve no additional damages separate and distinct from those alleged in connection with the malpractice claim (*see Dinhofer v Medical Liab. Mut. Ins. Co.*, 92 AD3d 480, 481 [1st Dept 2012], *lv denied* 19 NY3d 812 [2012]; *Carl v Cohen*,

55 AD3d 478 [1st Dept 2008]; *cf. Johnson v Proskauer Rose LLP*, 129 AD3d 59, 69 [1st Dept 2015] [legal malpractice and fraud claims found not duplicative where plaintiffs alleged not only that defendants failed to advise them adequately as to tax strategy but also, inter alia, that defendants pressured them into the tax avoidance strategy to preserve the firm's "lucrative arrangement" with the strategy's developer]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.