Gourary v Laster (2018 NY Slip Op 04287)





Gourary v Laster


2018 NY Slip Op 04287


Decided on June 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2018

Richter, J.P., Webber, Kahn, Kern, Oing, JJ.


651932/10 6845A 6845

[*1] John P. Gourary, etc., Plaintiff-Appellant,
v
Elizabeth Laster, etc., et al., Defendants-Respondents, Alice Green, etc., et al., Defendants.


Wollmuth Maher & Deutsch LLP, New York (Randall R. Rainer of counsel), for appellant.
Wilk Auslander LLP, New York (Stuart M. Riback of counsel), for respondents.



Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered November 8, 2017, dismissing the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered October 13, 2017, which granted the CPLR 3211(a)(7) motion of defendants Elizabeth Laster, as executor of the estate of Oliver Laster, and Scott A. Macomber (defendants) to dismiss the complaint as against them, and denied leave to amend the complaint, unanimously dismissed, as subsumed in the appeal from the judgment.
Plaintiff, the administrator of the estate of his deceased father, Paul Gourary, alleges that in connection with the May 2006 sale of Gourary's 50% interest in a New York S-corporation to defendant Macomber, the son-in-law of the corporation's other 50% shareholder, decedent Oliver Laster, Laster and Macomber, in collusion with Gourary's attorney, Paul Green (deceased), fraudulently concealed the fair market value of Gourary's interest, enabling Macomber to purchase it at a steep discount.
It is law of the case that the 2006 transaction was consistent with Gourary's objectives; attorney Green provided Gourary with effective representation, and did not simultaneously represent both Gourary and Macomber during the transaction; because both Gourary and Green are deceased, it is not possible to determine whether the former would have executed the transaction had he received different legal advice; and plaintiff's claim of proximately-caused damages is based upon speculation (Gourary v Green, 143 AD3d 580 [1st Dept 2016]).
Plaintiff's allegation that attorney Green represented both Gourary and Laster during the transaction represents a new theory of liability, improperly raised long after discovery was concluded and the note of issue was filed (Panasia Estate, Inc. v Broche, 89 AD3d 498 [1st Dept 2011]). Moreover, the allegation has no evidentiary support in the record. Plaintiff's attempt to hold Laster liable under the doctrine of constructive fraud is misguided, as the doctrine applies only with regard to "the relations between . . . contracting parties" (Matter of Aoki v Aoki, 27 NY3d 32, 39-40 [2016] [emphasis in original]), and Laster was not a party to the transaction at issue.
While Laster, as Gourary's business partner, owed Gourary a fiduciary duty which was independent of his duties to the corporation (Serino v Lipper, 123 AD3d 34, 39-40 [1st Dept 2014]), it does not follow that Laster breached that duty and caused damages by failing to question the price Macomber paid for Gourary's interest in the corporation. As noted, it is law of the case that the transaction, including the sale price, waa consistent with Gourary's intention. Further, there is no indication that Laster was in exclusive possession of essential information regarding the transaction's sale price, and it was not his responsibility to ensure that Gourary properly evaluated corporate assets before settling on a price (see Centro Empresarial Cempresa [*2]S.A. v América Móvil S.A.B. de C.V., 17 NY3d 269, 279 [2011]).
Contrary to plaintiff's argument, defendants' motion was not actually an untimely motion for summary judgment. Defendants could seek dismissal under section 3211(a)(7) even though their answer did not allege as a defense the failure to state a claim (Riland v Todman & Co., 56 AD2d 350, 351 [1st Dept 1977]), and their reliance upon this Court's prior decision as law of the case did not transform their motion into one for summary judgment.
Supreme Court providently denied leave to amend the complaint, as the amended complaint suffered from the same defects as the original (see Bishop v Maurer, 83 AD3d 483 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 12, 2018
CLERK