Parker Madison Partners v Airbnb, Inc. (2020 NY Slip Op 03624)





Parker Madison Partners v Airbnb, Inc.


2020 NY Slip Op 03624


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Renwick, J.P., Mazzarelli, Webber, Kern, Moulton, JJ.


11722 155490/18

[*1] Parker Madison Partners, Plaintiff-Appellant,
v
Airbnb, Inc., Defendant-Respondent.


Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for appellant.
Kaplan Hecker & Fink LLP, New York (Alexander J. Rodney of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered April 26, 2019, which granted the motion of defendant Airbnb, Inc. to dismiss the complaint, unanimously affirmed, with costs.
The complaint in this action is barred by the doctrine of collateral estoppel. In 2017, a substantially identical complaint was dismissed in federal court, with the court finding that plaintiff had failed to establish "any actual injury to plaintiff connected to Airbnb's activities" (Parker Madison Partners v Airbnb, Inc., 283 F Supp 3d 174, 181 [SD NY 2017]). As such, the issue of plaintiff's injury was "necessarily . . . decided" in the prior federal action between the parties, and plaintiff was granted a "full and fair opportunity to contest" that finding (Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]).
It is irrelevant that the federal court did not reach the underlying merits of plaintiff's allegations, because the federal court did reach the merits of the issue in question, namely, whether plaintiff had an alleged injury; and, this question, "actually decided" in the first action, disposes of the present action as well (see Cartesian Broadcasting Network, Inc. v Robeco USA, 43 AD3d 311, 312 [1st Dept 2007]). The pleading deficiencies presented in the federal complaint have not been remedied in this case. For example, plaintiff has still not provided a single specific example of a client or prospective client it lost because of defendant's alleged actions.
We have considered plaintiff's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK