New Canaan Capital Mgt., LLC v Chadbourne & Parke LLP (2021 NY Slip Op 02758)





New Canaan Capital Mgt., LLC v Chadbourne & Parke LLP


2021 NY Slip Op 02758


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Index No. 650031/19 Appeal No. 13752 Case No. 2020-02004 

[*1]New Canaan Capital Management, LLC, Plaintiff-Appellant,
v
Chadbourne & Parke LLP, et al., Defendants-Respondents.


GordonLaw LLP, Katonah (Michael R. Gordon of counsel), for appellant.
Norton Rose Fulbright US LLP, New York (Robert A. Schwinger of counsel), for Chadbourne & Parke LLP, Norton Rose Fulbright US LLP, Scott Naidech and A. Robert Colby, respondents.
Foster Garvey P.C., New York (Alan A. Heller of counsel), for Erie Power LLC, GP Genco LLC, Ozado Partners LLC, Ozado Power LLC, and Southport Energy Asset Management LLC, respondents.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered September 11, 2019, which, to the extent appealed from, granted defendants' motions to dismiss the complaint as against them, unanimously affirmed, without costs.
The complaint is barred as against the attorney defendants by the doctrine of collateral estoppel. The issue of whether plaintiff pleaded a fraud or a legal malpractice claim was necessarily decided in the 2018 action, where plaintiff had a full and fair opportunity to contest it (see Parker Madison Partners v Airbnb, Inc., 184 AD3d 544 [1st Dept 2020]). The pleading deficiencies found in the earlier complaint were not remedied in the instant complaint (see id.). The doctrine of res judicata bars plaintiff's present claims against the remaining defendants. Plaintiff has brought two actions against them, a state action that was dismissed without prejudice and a federal action that was dismissed on the merits, and its present aiding and abetting fraud claim is based upon the subject matter and transactions that were dismissed in those prior actions (see Marinelli Assoc. v Helmsley-Noyes Co., 265 AD2d 1, 5 [1st Dept 2000]).
The complaint is also time-barred. The fraud claims rest on the allegations that the attorney defendants violated their duties as lawyers by not disclosing a conflict of interest, improperly disclosing confidential information, and preparing documents that resulted in plaintiff's failure to obtain the equity interest it sought. These allegations "essentially" state a malpractice claim (see Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.], 3 NY3d 538, 542 [2004]; see also Gourary v Green, 143 AD3d 580, 581 [1st Dept 2016]). Thus, they cannot serve "to circumvent the shorter statute of limitations for legal malpractice" (Hsu v Liu & Shields LLP, 127 AD3d 522, 523 [1st Dept 2015], lv dismissed in part, denied in part 26 NY3d 996 [2015]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021