**Donnelly v MTP 57, LLC**

2024 NY Slip Op 31987(U)

June 10, 2024

Supreme Court, New York County

Docket Number: Index No. 151188/2021

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. LISA S. HEADLEY</u>      PART      **28M**

*Justice*

-------------------------------------------------------------------------------X

LORRAINE DONNELLY,

                  Plaintiff,

         - v -

MTP 57, LLC, ESTATE OF JAMES LYNCH, ANITA FARR,

               Defendant.

-------------------------------------------------------------------------------X

MTP 57, LLC

              Plaintiff,

       -against-

THE HELENA ASSOCIATES LLC, THE DURST ORGANIZATION

             Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161188/2021 |
| MOTION DATE | 02/20/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595909/2023

The following e-filed documents, listed by NYSCEF document number (Motion 001) 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 48, 49, 50, 51

were read on this motion to/for           <u>AMEND CAPTION/PLEADINGS</u> .

      Upon the foregoing documents and after oral argument on the motion, it is hereby ORDERED that the plaintiff's motion for leave to amend the complaint is DENIED for the reasons stated herein.

      This action arises from a trip and fall incident that occurred on June 26, 2020, at 601 West 57th Street, at the intersection of 11th Avenue, New York, New York ("the Premises"). Plaintiff Lorraine Donnelly ("Plaintiff") alleges in her complaint that she was injured due to the negligence of the defendants who failed to maintain a defective speed bump located inside the parking garage at the premises. The defendants, MTP 57, LLC, ("MTP 57"), Estate of James Lynch ("Lynch") and Anita Farr ("Farr") filed an Answer *(See, NYSCEF Doc Nos. 6 and 12)*. Furthermore, co-defendant and third-party plaintiff MTP 57, LLC filed a third-party action against The Helena Associates LLC ("Helena"), and the Durst Organization ("Durst") (collectively referred to as "Landlord") as additional parties who may be partially or wholly responsible for Plaintiff's accident and resultant injuries.

## I.    <u>Plaintiff's Motion to Amend the Complaint</u>

      In the motion, the plaintiff seeks leave to amend the complaint to name the third-party defendants, Helena and Durst, as direct defendants in this case. Plaintiff argues that because the negligence claims surrounding the defective speed bump located inside the parking garage at the premises arose out of the same conduct, transaction or occurrence, and the new defendants Helena and Durst are united in interest since a judgment against one defendant will similarly affect the other defendants. In addition, plaintiff argues that there would be no prejudice to third-party

**161188/2021 DONNELLY, LORRAINE vs. MTP 57, LLC ET AL**
**Motion No. 001**

**Page 1 of 4**

defendants because only paper discovery has been exchanged by the parties and no depositions have occurred.

Plaintiff submits that the original complaint, dated December 15, 2021, alleges the subject premises and the parking lot were owned, operated, managed, maintained, supervised, and/or controlled by Defendants MTP 57, Lynch and/or Farr. However, upon plaintiff's review of the Defendant MTP 57's discovery responses, the third-party defendants, Helena and Durst, either owned, operated, managed maintained, supervised, and/or controlled the premises that is the subject of this action. Plaintiff asserts that defendant MTP 57 only clarified that Defendant Helena was in charge of the repair, maintenance, and/or supervision of the conditions and the alleged defects on the subject property one year and seven months after filing their Answer, and four months after the expiration of the applicable Statute of Limitations. Defendant MTP 57 submitted a letter to plaintiff dated September 20, 2023, denying any obligation to provide additional insurance coverage to Defendants Lynch and Farr in connection with the claims asserted in this lawsuit because neither qualified as an insured or additional insured under Defendant MTP 57's State Farm Policy since State Farm's investigation indicated the speed bump in the subject incident was installed by and was the responsibility of the owner of the building, Helena, and not Defendant MTP 57. *(See, Exhibit E, NYSCEF Doc No. 31).*

In addition, plaintiff argues that since this motion was filed after the expiration of the statute of limitations, the relation back doctrine should apply, thus, the complaint should be amended, and the plaintiff should be permitted to assert such claims against the newly named defendants, Helena and Durst.

## II.      Third-Party Defendants' Opposition to Motion to Amend the Complaint

In opposition, third-party defendants, Helena and Durst ("third-party defendants") argue the "relation-back" doctrine is inapplicable because the plaintiff's motion was filed untimely, and the motion is time-barred by the statute of limitations. The third-party defendants argue that granting the motion for leave to amend would prejudice them because they do not have time to adequately prepare their defenses. The third-party defendants also argue the "relation-back" doctrine does not apply in this case because their interests are not the same as the defendants. Third-party defendants, Helena and Durst, are lessees of the subject premises and defendant MTP 57 is the lessor. Therefore, Helena and Durst had no opportunity to control or direct the actions or omissions of the defendants. Thus, the defendants' and third-party defendant's interests are not united since each defendant would claim that the other defendant is responsible for the subject injury.

The third-party defendants also argue that plaintiff only considers prejudice with the already named defendants, who have been engaging in discovery for over a year and half, however, the plaintiff fails to consider the prejudice placed on Helena and Durst because they have not had adequate time to prepare and are unduly prejudiced by this untimely filing.

## III.      Plaintiff's Reply

In reply, plaintiff argues the third-party defendants would not be prejudiced since they are already parties in the third-party complaint under a claim for contribution/indemnification filed by Defendant MTP 57. Plaintiff contends that since discovery is not complete, and this matter is not marked ready for trial, the Court could provide the third-party defendants with additional time to participate in discovery and to present their defense.

Plaintiff further asserts third-party defendants' claim that they are not united in interest with the already named defendants is premature, and Defendant MTP 57's indemnification claims demonstrate that the third-party defendants had actual notice of the lawsuit prior to the expiration

**161188/2021   DONNELLY, LORRAINE vs. MTP 57, LLC ET AL**                     **Page 2 of 4**
**Motion No.  001**

2 of 4

of the statute of limitations. Therefore, the plaintiff's motion for leave to amend the complaint should be granted.

## IV. Discussion

*CPLR §3025(b)* provides that "[a] party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court…[and] leave shall be freely given upon such terms as may be just[.]" *See, Ancrum v. St. Barnabas Hosp.*, 301 A.D.2d 474, 475 (1st Dep't 2003). The First Department has "consistently held, however, that in an effort to conserve judicial resources, an examination of the proposed amendment is warranted[.]" *Id.* at 475; *Thompson v. Cooper*, 24 A.D.3d 203, 205 (1st Dep't 2005). "Leave will be denied where the proposed pleading fails to state a cause of action, or is palpably insufficient as a matter of law." *Bishop v. Maurer*, 33 A.D.3d 497 (1st Dep't 2006).

The subject accident occurred on June 26, 2020. The Plaintiff filed the summons and complaint on December 15, 2021, and subsequently filed an amended complaint on February 11, 2022, to include Defendant, Estate of James Lynch and/or Anita Farr to this action. Defendant MTP 57 filed its Answer on February 22, 2022, and the co-defendants, Estate of James Lynch and Anita Farr, filed their Answer on May 12, 2022. The plaintiff and defendants engaged in discovery, including but not limited to the defendants Estate of James Lynch and/or Anita Farr serving responses to plaintiff's discovery demands on August 31, 2022. Defendants Lynch and Farr disclosed a copy of the lease between Defendant MTP 57, LLC and The Helena Associates, LLC, as well as a copy of the Ground Lease naming Durst Development LLC as Tenant. (*See Exhibit A, NYSCEF Doc No. 35*). The statute of limitations for the negligence claim expired 3 years after the subject incident on June 26, 2023. *See, CPLR §214*. The plaintiff filed the instant motion for leave to amend the Amended Complaint on October 20, 2023.

Upon review of the motion papers, the Court finds that the plaintiff engaged in discovery with the defendants, and discovered on August 31, 2022, the third-party defendants, Helena and Durst's, relationship to the defendants, well before the expiration of the statute of limitations on June 26, 2023. "Even if the proposed additional defendant could be charged with such notice, plaintiffs failed to provide any basis for finding that the proposed defendant "knew or should have known" that the action would have been brought against him too, but for a mistake by the plaintiffs as to the identity of the proper parties." *See, Garcia v. New York-Presbyterian Hosp.*, 114 A.D.3d 615 (1st Dep't 2014). Here, the plaintiff was aware that the defendants and third-party defendants' relationship was established by the lease agreement executed between Helena, as the landlord of the subject premises, Durst as manager, and MTP 57 as the tenant. In addition, the Defendant MTP 57 submitted to the plaintiff, the letter from State Farm, with the insurance coverage details, and the determination that the lease agreement contained the parties in charge of the repair, maintenance and/or supervision of the conditions and the alleged defects on the subject property. (*See, Exhibit E, NYSCEF Doc No. 31*).

Under *CPLR §3025(b)*, "[a]bsent any showing of prejudice or undue delay, leave to amend should have been freely granted. *CPLR §3025(b)*; *Fellner v. Morimoto*, 52 A.D.3d 352, 354 (1st Dep't 2008). "Leave will be denied where the proposed pleading fails to state a cause of action, or is palpably insufficient as a matter of law." *Bishop v. Maurer*, 83 A.D.3d 483, 485 (1st Dep't 2011); *citing, Smith v. The Bank of New York Mellon Corp.*, 2013 N.Y. Slip Op. 33047[U] (N.Y. Sup Ct, New York County 2013). Here, the Court finds that plaintiff's proposed Amended Complaint, which seeks, *inter alia*, to add the third-party defendants, The Helena Associates LLC and The Durst Organization, as direct defendants in this case is denied. "A court need not permit a substantial amendment where there has been no semblance of an excuse for an

extensive delay." *Prince v. O'Brien,* 256 A.D.2d 208 (1st Dep't 1998); see also, *Metro. Steel Indus., Inc. v. Perini Corp.* 2008 WL 8922424 (N.Y. Sup Ct, New York County 2008). The amendment would be prejudicial to the third-party defendants since the statute of limitations had expired on June 26, 2023, and plaintiff was on notice regarding the additional defendants by the lease agreement provided during discovery in 2022. The Court has considered the remaining arguments and find them unavailing.

Accordingly, it is hereby

**ORDERED** that the Plaintiff's motion to amend the caption pursuant to *CPLR §3025* is DENIED; and it is further

**ORDERED** that within 10 days of entry, third-party defendants The Helena Associates LLC and The Durst Organization shall serve a copy of this decision/order upon all parties with notice of entry within 30 days; and it is further

**ORDERED** that the parties shall proceed with all further discovery expeditiously and in good faith; and it is further

**ORDERED** that any relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision/Order of the Court.

| 6/10/2024 | | LISA S. HEADLEY, J.S.C. |
| --- | --- | --- |
| **DATE** | | |

CHECK ONE:

| | CASE DISPOSED | X | NON-FINAL DISPOSITION |
| --- | --- | --- | --- |
| | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |

APPLICATION:    SETTLE ORDER     SUBMIT ORDER

CHECK IF APPROPRIATE:    INCLUDES TRANSFER/REASSIGN     FIDUCIARY APPOINTMENT     REFERENCE

**161188/2021 DONNELLY, LORRAINE vs. MTP 57, LLC ET AL**
**Motion No. 001**

Page 4 of 4

4 of 4

[* 4]