Tzanakakis v Royce (2024 NY Slip Op 03349)

Tzanakakis v Royce

2024 NY Slip Op 03349

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 656782/21 Appeal No. 2521 Case No. 2022-04120 

[*1]Maria Tzanakakis etc., Appellant,
v
Joseph E. Royce, et al., Respondents, Jaime Leroux, et al., Defendants.

Meimaris Law Group LLC, New York (Alkistis G. Meimaris of counsel), for appellant.
Bleakley, Platt & Schmidt, LLP, White Plains (Adam Rodriguez of counsel), for Joseph E. Royce and Lawrence A. Blatte, respondents.
Seward & Kissel LLP, New York (Noah S. Czarny of counsel), for TBS Shipping Services Inc., and Guardian Navigation Services Inc., respondents.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered August 19, 2022, which granted defendants TBS Shipping Services, Inc. (TBS), Guardian Navigation Services, Inc., Joseph E. Royce, and Lawrence A. Blatte's motions to dismiss the amended complaint, unanimously affirmed, without costs.
Supreme Court properly dismissed the amended complaint as barred by collateral estoppel. The allegations in plaintiff's third amended complaint in the federal action were substantially identical to her amended complaint herein. The federal action was dismissed because plaintiff failed to establish standing. That is, she did not own the shares that were allegedly stolen, instead her husband, Alkiviades Meimaris did, although she claimed she inherited those shares (see Parker Madison Partners v Airbnb, Inc., 184 AD3d 544, 545 [1st Dept 2020] ["the issue of plaintiff's injury was 'necessarily . . . decided' in the prior federal action between the parties, and plaintiff was granted a 'full and fair opportunity to contest' that finding"], quoting Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]).
While plaintiff brought the federal action in her capacity as representative of Alkiviades Meimaris's estate, she also brought individual claims, as she does here, and the dismissal of those individual claims bars plaintiff from relitigating those claims here.
Plaintiff unpersuasively relies on the fact that the federal action was dismissed without prejudice. "[W]here a case is dismissed for lack of Article III standing . . . that disposition cannot be entered with prejudice, and instead must be dismissed without prejudice" (Katz v Donna Karan Co., L.L.C., 872 F3d 114, 121 [2d Cir 2017]). As the motion court observed, that does not mean that plaintiff may simply litigate elsewhere.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024