Jobar Holding Corp. v Halio (2025 NY Slip Op 00160)

Jobar Holding Corp. v Halio

2025 NY Slip Op 00160

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Pitt-Burke, Higgitt, Rosado, Michael, JJ. 

Index No. 655689/17 Appeal No. 3471 Case No. 2021-01048 

[*1]Jobar Holding Corporation et al., Plaintiffs-Respondents-Appellants,
v
Barbara Halio, Defendant-Appellant-Respondent, Turman & Eimer LLP, Defendant-Respondent, Yeskoo Hogan & Tamlyn LLP, Defendant.

Sage Legal LLC, Jamaica (Emanuel Kataev of counsel), for appellant-respondent.
Scarinci Hollenbeck, LLC, New York (Dan Brecher of counsel), for respondents- appellants.
Goldberg Segalla LLP, New York (Christopher F. Lyon of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about October 14, 2020, which, to the extent appealed from as limited by the briefs, denied so much of defendant Barbara Halio's motion to dismiss as sought to dismiss the cause of action for violation of the faithless employee doctrine (tenth cause of action), and granted the motion of defendant Turman & Eimer LLP to dismiss all causes of action as asserted against it, unanimously modified, on the law, to reinstate the derivative cause of action against Turman & Eimer for breach of the covenant of good faith and fair dealing (eleventh cause of action), and otherwise affirmed, without costs.
Supreme Court properly denied Halio's motion to dismiss the cause of action for violation of the faithless employee doctrine, as questions of fact as to her relationship to the company — for example, whether she drew a salary — preclude dismissal at the pleading stage. We reject Halio's argument that her conduct, as alleged, necessarily falls outside the scope of the doctrine (see Union-Endicott Cent. Sch. Dist. v Peters, 123 AD3d 1198, 1202 [3d Dept 2014], lv dismissed in part, denied in part 25 NY3d 964 [2015]; Linder v Innovative Commercial Sys. LLC, 41 Misc 3d 1214[A], 2013 NY Slip Op 51695[U], *5 [Sup Ct, NY County 2013], affd on other grounds 127 AD3d 670 [1st Dept 2015]).
The remaining direct causes of action against Turman & Eimer (fifth, seventh, and eighth causes of action), which essentially allege that Turner & Eimer engaged in embezzlement, were properly dismissed. These causes of action constitute an injury to the company and therefore should have been brought as derivative claims rather than direct claims (see Yudell v Gilbert, 99 AD3d 108, 114 [1st Dept 2012]).
The derivative cause of action against Turman & Eimer for breach of the covenant of good faith and fair dealing is based on acts of alleged professional malpractice, some of which plaintiffs allege were committed by Turnman & Eimer in 2015 and 2017. Thus, this cause of action should not have been dismissed at this stage of the litigation, as it was commenced in 2017 and therefore does not run afoul of the applicable three-year limitations period for professional malpractice set forth in CPLR 214(6) (see Hsu v Liu & Shields LLP, 127 AD3d 522, 523 [1st Dept 2015] appeal dismissed in part, lv denied in part 26 NY3d 996 [2015]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025